IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BROOKE BREWER and TORY BREWER, Individually and on Behalf of their Minor children, and as Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>DELTA AIRLINES, INC., & UNIFI AVIAITION, LLC a/k/a UNIFI SERVICE | ) Civil Action No.:  2:25-cv-07587-DCN<br>)<br>)<br>)<br>)<br>) **COMPLAINT**<br>)<br>) Jury Trial Demanded<br>)<br>) |

NOW COMES TORY BREWER AND BROOKE BREWER, Individually and as parents of their minor children, (hereinafter "Plaintiffs"), by and through undersigned counsel and pursuant to the Federal Rules of Civil procedure, and hereby allege against Defendant as follows:

### PARITES AND JURISDICTION

1. Plaintiffs are citizens and residents of the State of South Carolina, in Berkeley County, and they bring this action in their own individual capacity, as husband and wife, and on behalf of their minor children.

2. Defendant Delta Airlines Inc., hereinafter "Delta" is a corporation under the laws of Delaware, and its principal place of business is in Atlanta, Georgia; located at 1030 Delta BLVD, Dept 982, Atlanta, GA, 30352, USA.

3. Defendant Delta is a common carriage service providing scheduled airline service to the public for a fee, and, as a common carriage service, owed the highest duty of care to the Plaintiffs who, at all times relevant herein, were fare-paying passengers who traveled on the Defendant's airline.

4. Defendant Unifi Aviation, LLC a/k/a Unifi Service, "hereinafter "Unifi" is a corporation under the laws of Delaware, and its principal place of business is in Atlanta, Georgia; located at 950 E Paces Ferry, Suite 2000, Atlanta, GA 30326

5. Defendant Unifi is an aviation ground handling service provider that explicitly partners with airlines to provide aviation aircraft services to the public and as a ground handling aviation service provider, owed the highest duty of care to the Plaintiffs, and their belongings, that were traveling with Defendant's partner, Delta Airlines.

6. This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

## VENUE

7. Venue in this district satisfies the requirements of 28 U.S.C. § 1391 in that, as set out in this complaint, Defendant, Delta Airlines, Inc., and Defendant, Unifi Service, conduct substantial business in and are subject to personal jurisdiction in this district, including substantial operations and flights at Charleston Internation Airport in North Charleston, South Carolina. Venue in this district satisfies the requirements of § 1391 and Defendants are subject to personal jurisdiction in this district and have sufficient contacts with this district for this court to exercise both jurisdiction and venue.

## GENERAL ALLEGATIONS

8. On or about July 19, 2023, the Plaintiffs, including their minor children, were ticketed passengers from Charleston, South Carolina, to London, England with a scheduled stop to change aircraft at John F. Kennedy International Airport (hereinafter "JFK") in New York City. Defendant Delta sold the Plaintiffs their tickets and made representations to them,

both through its contract of carriage and its agents, that Defendant Delta, would ensure the safety of those who travelled aboard their aircraft.

9. Plaintiffs arrived at JFK, in New York City, on Delta Airlines flight 4963, before boarding their connecting flight to Heathrow Airport in London, England.

10. While aboard Delta Airlines flight 4963, all four Plaintiffs were seated in the rear of the aircraft.

11. During the flight, one of the minor children had a pink Peppa the Pig iPad ("iPad" "Subject iPad") which she was using for entertainment.

12. Once arriving at JFK, the Plaintiffs deboarded the aircraft, changing terminals, and boarded their flight to Heathrow Airport.

13. Upon landing in London, the Plaintiffs realized that they had accidentally left behind the Subject iPad belonging to the minor child on the plane that flew them from Charleston to JFK.

14. The iPad was left in the seat pocket, still enclosed in its pink Peppa the Pig casing.

15. Plaintiff Brooke Brewer became aware the iPad was no longer in their possession when she began receiving random text messages pertaining to the device.

16. Growing concerned, Plaintiff Brooke Brewer, using the "Find My" app, found the device was in Queens/Jaimica, New York.

17. The individual utilizing the device had logged the Plaintiff out of her account and had been taking pictures with it.

18. The pictures, initially, were images commonly referred to as "selfies", of the person who, on information and belief, had taken the device from the aircraft. The pictures portrayed a Delta airline employee, wearing a Delta uniform and name badge.

3

19. On July 20, 2023, the Plaintiffs filed their first "lost-and-found" report with Delta.

20. Between the filing of the first report and August 27th, 2023, the Plaintiffs did not receive a response from the Defendant.

21. On August 27th, pornographic videos[1] of the same individual from the first batch of photos populated in the Plaintiffs' iCloud account.

22. In the videos, the Defendant Delta's employee is masturbating while in his Delta uniform and wearing his Delta name badge.

23. That same day, the Plaintiffs filed a second report with Defendant Delta, report number 2156265.

24. Between August 27th, 2023, and September 3rd, 2023, the only response received by the Plaintiffs from the Defendant Delta were generalized "no-reply" emails indicating that the Defendant was searching for the device.

25. On September 3rd, another pornographic video, from the same individual, populated in the Plaintiffs' iCloud account, against wearing a Delta name badge and uniform.

26. Additionally, Defendant Delta's employee managed to access Plaintiff's iTunes account and create their own personal profile.

27. Further, the Defendant Delta's employee, utilizing the stolen iPad, hacked into the Plaintiffs' Amazon account and created a new profile titled "Gay".

28. Plaintiff Brooke Brewer was notified by one of her minor children of this new profile.

## FIRST CAUSE OF ACTION
*NEGLIGENCE*

29. All prior allegations not inconsistent with this cause of action are re-alleged and incorporated by reference herein.

---

[1] EXHIBIT A – Video Stills.

30. The Defendants were negligent in their failure to prevent their employee from sharing pornographic material on a ticketed passenger's personal electronic device.

31. Defendants' treatment of the Plaintiffs and their property fell below the high standard of care owed to the Plaintiffs as well as all ticketed passengers.

32. The failure by the Defendants to safeguard the Plaintiffs and their property, which led to the pornographic material on the Plaintiffs' personal account, caused severe emotional and mental distress to the Plaintiffs.

33. The Defendants failed to take reasonable care to ensure that the Plaintiffs, as ticketed passengers, were not subjected to harm as a result of flying on their airline.

34. The actions, or lack thereof, from the Defendants caused unreasonable harm to the Plaintiffs.

35. Plaintiffs request compensation for the mental and emotional pain and suffering they endured and continue to endure. They also seek reimbursement for their losses and all bills and expenses incurred, as well as all other compensation the court and jury deem just and proper.

## SECOND CAUSE OF ACTION
*NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*

36. All prior allegations not inconsistent with this cause of action are re-alleged and incorporated by reference herein.

37. Before their trip, during their travel, and after their journey ended, the Plaintiffs had no expectation that they would be subjected to vile and disturbing pornographic material as a result of their choice to be ticketed passengers on one of the Defendants' flights.

38. Despite being contacted by the Plaintiffs about their stolen device, and prior to the proliferation of pornographic material on their personal accounts, the Defendants failed to

take the necessary measures to ensure that the Plaintiffs, and their property, were safe from inflammatory and distressing content produced by the Defendants' employees.

39. Defendants knew or should have known that the conduct of their employee would inflict emotional distress and that the conduct was of such nature as to be outrageous, intolerable, and offensive to the generally accepted standard of human decency.

40. Defendants are grossly negligent in that they failed to respond and intervene when notified of the conduct of their employee.

41. Plaintiffs request compensation for the emotional pain and suffering they have endured, as well as all other compensation the court and jury deem just and proper.

### THIRD CAUSE OF ACTION
*INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

42. All prior allegations not inconsistent with this cause of action are re-alleged and incorporated by reference herein.

43. Defendants' actions caused the Plaintiffs significant mental and emotional anguish.

44. The conduct of the Defendants' employee towards the Plaintiffs was extreme and outrageous, which intentionally caused severe emotional distress to the Plaintiffs.

45. The proliferation of pornographic images to the Plaintiffs' personal accounts by the Defendants' employee pressed the Plaintiffs beyond their mental and emotional limits causing them to experience severe emotional distress.

46. The Plaintiffs were forced to observe obscene, without their consent sexual imagery, which caused the Plaintiffs severe mental and emotional distress.

47. Defendants' actions, and that of their employee, were intentional and/or reckless and their actions crossed the bounds of human decency and were, at minimum, intolerable and outrageous.

48. Plaintiffs request compensation for the emotional pain and suffering they have endured, as well as all other compensation the court and jury deem just and proper.

## FOURTH CAUSE OF ACTION
*SEXUAL ASSAULT*

49. All prior allegations not inconsistent with this cause of action are re-alleged and incorporated by reference herein.

50. The Defendants had a duty to take proper precautions to ensure the safety of their passengers.

51. Defendants breached this duty when one of their employees removed the Plaintiffs' Subject iPad from the Defendants' aircraft and began transmitting pornographic material to the Plaintiffs, without their consent.

52. The pornographic material depicting the Defendants' employee, in his uniform, caused the Plaintiffs severe mental and emotional anguish.

53. The Defendants failed to take reasonable care to ensure that the Plaintiffs, as ticketed passengers, were not subjected to obscene material, inappropriate for adults and minors alike, which obscene material created and transmitted by their own employee, who, while doing so, was wearing his Delta uniform and name badge.

54. The Defendants' failure to act reasonably caused the Plaintiffs unreasonable and irreparable mental and emotional harm.

55. Plaintiffs request compensation for the mental and emotional pain and suffering they endured and continue to endure. They also seek reimbursement for all losses, bills and expenses incurred, as well as all other compensation the court and jury deem just and proper.

## FIFTH CAUSE OF ACTION
*HARASSMENT*

56. All prior allegations not inconsistent with this cause of action are re-alleged and incorporated by reference herein.

57. The Defendants had a duty to protect ticketed passengers from unlawful intrusions into their personal lives by the Defendants' agents and/or employees.

58. The Defendants breached this duty when it failed to prevent one of their employees from intruding upon the private lives of the Plaintiffs, on more than two occasions, through the transmission of pornographic material, including while wearing a Delta uniform, as well as through repeated electronic contact.

59. The Defendants' failure to protect the Plaintiffs from a Delta employee caused the Plaintiffs severe mental and emotional distress.

60. Plaintiffs request compensation for the mental and emotional pain and suffering they endured and continue to endure. They also seek reimbursement for all losses, bills and expenses incurred, as well as all other compensation the court and jury deem just and proper

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request:

1. Compensatory damages according to proof and prejudgment interest thereon to the extent allowable by law;
2. Exemplary and punitive damages according to proof and as allowed by law;
3. Costs of suit, expenses and attorney fees as allowed by law; and,
4. For such other and further relief as court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues and causes of this action.

Respectfully submitted,

**MOTLEY RICE LLC**

By:  *s/ Mary Schiavo*
Mary Schiavo *(SC Fed Bar No. 10755)*
James R. Brauchle *(SC Fed Bar No. 8014)*
Olutola Familoni *(SC Fed Bar No. 103539)*
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel: (843) 216-9000
Fax: (843) 216-9450
mschiavo@motleyrice.com
jbrauchle@motleyrice.com
tfamiloni@motleyrice.com

*COUNSEL FOR PLAINTIFFS*

DATED: July 16, 2025
Mount Pleasant, SC