## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| BROOKE BREWER and TORY BREWER, Individually and on Behalf of their Minor children, and as Husband and Wife, <br><br> Plaintiffs, <br><br> v. <br><br> DELTA AIRLINES, INC., & UNIFI AVIATION, LLC a/k/a UNIFI SERVICE <br><br> Defendant. | Case No. 2:25-cv-07587-DCN <br><br> **DEFENDANT DELTA AIR LINES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** <br><br> **(Jury Trial Demanded)** |

TO:     MARY SCHIAVO, ESQUIRE, JAMES R. BRAUCHLE, ESQUIRE, OLUTOLA FAMILONI, ESQUIRE, ATTORNEYS FOR THE PLAINTIFFS:

The Defendant Delta Air Lines, Inc., improperly named "Delta Airlines, Inc." in the above-referenced action, (hereinafter "Delta"), by undersigned counsel, hereby responds to Plaintiffs' Complaint as follows:

### FOR A FIRST DEFENSE
### (Denial)

Each and every allegation contained in the Plaintiffs' Complaint not hereinafter expressly admitted, modified or otherwise explained or qualified is hereby denied in their entirety and Delta demands strict proof thereof.

### PARTIES AND JURISDICTION

1. Delta has insufficient information to admit or deny paragraph 1 and therefore denies the same and demands strict proof thereof.

2. Delta admits paragraph 2.

3. Paragraph 3 states a conclusion of law concerning Delta which does not require a response.

4. Paragraph 4 identifies the name, location and principal place of business of the codefendant and does not require a response.

5. Delta admits that Unifi is an aviation ground handling service provider. The remaining allegations of Paragraph 5 are directed at Unifi and do not require a response by Delta.

6. Paragraph 6 states a conclusion of law which does not require a response.

## VENUE

7. Paragraph 7 states a conclusion of law concerning the venue for this civil action which does not require a response.

8. Delta admits on or about July 19, 2023, the Plaintiffs were ticketed passengers from Charleston, South Carolina, to London, England with a scheduled stop to change aircraft at John F. Kennedy International Airport in New York City. Delta denies the remaining allegations of Paragraph 8 as phrased.

9. Delta admits the allegations in Paragraph 9.

10. Delta has insufficient information to admit or deny paragraph 10 and therefore denies the same and demands strict proof thereof.

11. Delta has insufficient information to admit or deny paragraph 11 and therefore denies the same and demands strict proof thereof.

12. Delta admits that records show the Plaintiffs deboarded at JFK and boarded their flight to Heathrow Airport. Delta has insufficient information to admit or deny the remaining allegations in paragraph 12.

13. Delta has insufficient information to admit or deny paragraph 13 and therefore denies the same and demands strict proof thereof.

14. Delta has insufficient information to admit or deny paragraph 14 and therefore denies the same and demands strict proof thereof.

15. Delta has insufficient information to admit or deny paragraph 15 and therefore denies the same and demands strict proof thereof.

16. Delta has insufficient information to admit or deny paragraph 16 and therefore denies the same and demands strict proof thereof.

17. Delta has insufficient information to admit or deny paragraph 17 and therefore denies the same and demands strict proof thereof.

18. Delta expressly denies that it employed the person to which this paragraph refers. Delta further notes it has insufficient information to admit or deny paragraph 18 and therefore denies the same and demands strict proof thereof.

19. Delta admits the allegations of paragraph 19 except those that are inconsistent with records produced in this case.

20. Delta denies the allegations of paragraph 20 as phrased.

21. Delta has insufficient information to admit or deny paragraph 21 and therefore denies the same and demands strict proof thereof.

22. Delta denies the allegations of paragraph 22.

23. Delta admits the allegations of paragraph 23 except those that are inconsistent with records produced in this case.

24. Delta admits the allegations of paragraph 24 except those that are inconsistent with records produced in this case.

318312667v.1

25. Delta expressly denies that it employed the person to which this paragraph refers. Delta further notes that it has insufficient information to admit or deny paragraph 25 and therefore denies the same and demands strict proof thereof.

26. Delta expressly denies that it employed the person to which this paragraph refers. Delta further denies the specific allegations of paragraph 26.

27. Delta expressly denies that it employed the person to which this paragraph refers. Delta further denies the specific allegations of paragraph 27.

28. Delta has insufficient information to admit or deny paragraph 28 and therefore denies the same and demands strict proof thereof.

## FIRST CAUSE OF ACTION
### (Negligence)

29. In response to paragraph 29, Delta incorporates and reiterates the previous paragraphs of its Answer as if set forth verbatim.

30. Delta denies the allegations in paragraph 30 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

31. Delta denies the allegations in paragraph 31 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

32. Delta denies the allegations in paragraph 32 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

33. Delta denies the allegations in paragraph 33 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

34. Delta denies the allegations in paragraph 34 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

35. Delta asserts the allegations of paragraph 35 are statements and are not directed at Delta, and no response is required. To the extent a response is required, Delta has insufficient information to admit or deny paragraph 35 and therefore denies the same and demands strict proof thereof.

**SECOND CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**

36. In response to paragraph 36, Delta incorporates and reiterates the previous paragraphs of its Answer as if set forth verbatim.

37. Delta asserts the allegations of paragraph 37 are not directed at Delta, and no response is required. To the extent a response is required, Delta has insufficient information to admit or deny paragraph 37 and therefore denies the same and demands strict proof thereof.

38. Delta denies the allegations in paragraph 38 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

39. Delta denies the allegations in paragraph 39 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

318312667v.1

40. Delta denies the allegations in paragraph 40 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

41. Delta asserts the allegations of paragraph 41 are statements and are not directed at Delta, and no response is required. To the extent a response is required, Delta has insufficient information to admit or deny paragraph 41 and therefore denies the same and demands strict proof thereof.

### THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

42. In response to paragraph 42, Delta incorporates and reiterates the previous paragraphs of its Answer as if set forth verbatim.

43. Delta denies the allegations in paragraph 43 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

44. Delta denies the allegations in paragraph 44 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

45. Delta denies the allegations in paragraph 45 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

46. Delta denies the allegations in paragraph 46 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

47. Delta denies the allegations in paragraph 47 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

48. Delta asserts the allegations of paragraph 48 are statements and are not directed at Delta, and no response is required. To the extent a response is required, Delta has insufficient information to admit or deny paragraph 48 and therefore denies the same and demands strict proof thereof.

## FOURTH CAUSE OF ACTION
### (Sexual Assault)

49. In response to paragraph 49, Delta incorporates and reiterates the previous paragraphs of its Answer as if set forth verbatim.

50. Delta denies those allegations of paragraph 50 directed toward it which misstate, mischaracterize or are otherwise inconsistent with applicable law.

51. Delta denies the allegations in paragraph 51 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

52. Delta denies the allegations of paragraph 52.

53. Delta denies the allegations in paragraph 53 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

54. Delta denies the allegations in paragraph 54 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

318312667v.1

55. Delta asserts the allegations of paragraph 55 are statements and are not directed at Delta, and no response is required. To the extent a response is required, Delta has insufficient information to admit or deny paragraph 55 and therefore denies the same and demands strict proof thereof.

## FIFTH CAUSE OF ACTION
### (Harassment)

56. In response to paragraph 56, Delta incorporates and reiterates the previous paragraphs of its Answer as if set forth verbatim.

57. Delta denies those allegations of paragraph 57 directed toward it which misstate, mischaracterize or are otherwise inconsistent with applicable law.

58. Delta denies the allegations in paragraph 58 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

59. Delta denies the allegations in paragraph 59 which are asserted against it. To the extent the allegations are directed toward Delta's codefendant in this paragraph may be construed against Delta, those allegations are also denied and strict proof demanded thereof.

60. Delta asserts the allegations of paragraph 60 are statements and are not directed at Delta, and no response is required. To the extent a response is required, Delta has insufficient information to admit or deny paragraph 60 and therefore denies the same and demands strict proof thereof.

61. Delta denies Plaintiffs are entitled to the relief requested from Delta and as set forth in the "Prayer for Relief" section of Plaintiffs' Complaint.

62. Delta concurs with the request for a jury trial set forth in the unnumbered paragraph preceding the signature of Plaintiffs' counsel.

318312667v.1

## FOR A SECOND DEFENSE
### (Rule (12(b)(6))

63. Delta re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

64. Plaintiffs have failed to state facts sufficient to constitute a cause of action against Delta. Pursuant to Fed. R. Civ. P. 12(b)(6), the Complaint should be dismissed in its entirety.

## FOR A THIRD DEFENSE
### (Sole Negligence of Others)

65. Delta incorporates by reference the above paragraphs as if fully set forth herein verbatim.

66. Delta alleges, upon information and belief, that any damages sustained by Plaintiffs, were due to and caused by the sole and negligent acts or omissions of the person who stole their iPad.

## FOR A FOURTH DEFENSE
### (Failure to Join Essential Party)

67. Delta re-alleges and incorporates by reference the above paragraphs as if set forth verbatim.

68. The Plaintiffs have not joined a party necessary to this litigation as required by Fed. R. Civ. P. 19. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(7), this Court should dismiss all claims against Delta.

## FOR AN FIFTH DEFENSE
### (Montreal Convention)

69. Delta re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

70. This matter is barred by the Montreal Convention.

## FOR A SIXTH DEFENSE
### (Punitive Damages Unconstitutional - Procedural Due Process)

71. Delta re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

72. To the extent Plaintiffs seek punitive or exemplary damages from Delta, then such damages violate its right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the Constitution of the State of South Carolina. Therefore, the complaint fails to state causes of action for which either exemplary or punitive damages can be awarded.

## FOR A SEVENTH DEFENSE
### (Punitive Damages Unconstitutional - Substantive Due Process)

73. Delta re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

74. To the extent the Plaintiffs seek punitive or exemplary damages from Delta, then such damages violate Delta's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the Constitution of the State of South Carolina. Therefore, the complaint fails to state causes of action for which either exemplary or punitive damages can be awarded.

## FOR AN EIGHTH DEFENSE
### (Statutory Limitations on Punitive Damages)

75. Delta re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

76. Notwithstanding the foregoing defenses to the Plaintiffs' request for punitive damages, which are strictly denied, Delta pleads any and all applicable protections from and/or

limitations on recovery of punitive damages afforded to them under the *South Carolina Fairness in Civil Justice Act of 2011*, codified at S.C. Code Ann. §§ 15-32-510 to 15-32-540, or any other applicable statute, as a defense to Plaintiffs' claims or limitation on the Plaintiffs' recovery of any award of punitive damages.

## FOR A NINTH DEFENSE
### (Reservation of Additional Defenses)

77. Delta re-alleges and incorporate the above paragraphs as if fully set forth herein and verbatim.

78. Delta reserves any additional and further affirmative defenses as may be revealed by additional information during the course of discovery and/or investigation, inclusive of defenses that any applicable statute, rule or affirmative defense bars the action in whole or in part.

Defendant Delta Air Lines, Inc. demands trial by jury.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ G. Robert DeLoach, III*
Kathryn A. Grace, Esquire
*Pro Hac Vice Admission Pending*
G. Robert DeLoach, III, Esquire,
S.C. Federal Bar No. 13252
Aimee Intagliata, Esquire,
S.C. Federal Bar No. 13847
227 West Trade Street, Suite 300
Charlotte, NC 28202
T:  704.302.1330
Kathryn.Grace@wilsonelser.com
Robert.Deloach@wilsonelser.com
Aimee.Intagliata@wilsonelser.com
***Attorneys for Defendant Delta Air Lines, Inc.***

August 19, 2025

318312667v.1