## IN THE UNITED STATES DISTRICT CORUT
## FOR THE DISTRICT OF SOUTOH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| BROOKE BREWER and TORY BREWER, Individually and on Behalf of their Minor children, and as Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIRLINES, INC., & UNIFI AVIATION, LLC A/K/A UNIFI SERVICE<br><br>Defendants. | Civil Action No. 2:25-cv-07587-DCN<br><br>**DEFENDANT UNIFI AVIATION, LLC A/K/A UNIFI SERVICE'S ANSWER TO PLAINTIFFS' COMPLAINT** |

COMES NOW Defendant Unifi Aviation, LLC a/k/a Unifi Service ("Defendant") answers and respectfully shows unto the Court:

### FOR A FIRST DEFENSE

### Parties and Jurisdiction

1. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 1 and, on that basis, denies the same.

2. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 2 and, on that basis, denies the same.

3. The allegations contained in Paragraph 3 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

4. Defendant admits that it is a limited liability company organized under the laws of the State of Delaware and having its principal place of business in Atlanta.

5. The allegations contained in Paragraph 5 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

6. The allegations contained in Paragraph 6 assert legal conclusions to which no admission nor denial is required.

### Venue

7. The allegations contained in Paragraph 7 assert legal conclusions to which no admission nor denial is required.

## General Allegations

8. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 8 and, on that basis, denies the same.

9. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 9 and, on that basis, denies the same.

10. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 10 and, on that basis, denies the same.

11. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 11 and, on that basis, denies the same.

12. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 12 and, on that basis, denies the same.

13. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 13 and, on that basis, denies the same.

14. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 14 and, on that basis, denies the same.

15. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 15 and, on that basis, denies the same.

16. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 16 and, on that basis, denies the same.

17. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 17 and, on that basis, denies the same.

18. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 18 and, on that basis, denies the same.

19. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 19 and, on that basis, denies the same.

20. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 20 and, on that basis, denies the same.

21. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 21 and, on that basis, denies the same.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 23 and, on that basis, denies the same.

24. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 24 and, on that basis, denies the same.

25. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 25 and, on that basis, denies the same.

26. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 26 and, on that basis, denies the same.

27. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 27 and, on that basis, denies the same.

28. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 28 and, on that basis, denies the same.

### First Cause of Action
*Negligence*

29. By way of response to the allegations contained in Paragraph 29, Defendant incorporates Paragraphs 1-28 above as if restated full herein.

30. The allegations contained in Paragraph 30 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

31. The allegations contained in Paragraph 31 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

32. The allegations contained in Paragraph 32 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

33. The allegations contained in Paragraph 33 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

34. The allegations contained in Paragraph 34 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

35. Defendant denies the allegations contained in Paragraph 35.

## Second Cause of Action
*Negligent Infliction of Emotional Distress*

36. By way of response to the allegations contained in Paragraph 36, Defendant incorporates Paragraphs 1-35 above as if restated full herein.

37. Defendant denies the allegations contained in Paragraph 37 as pleaded.

38. The allegations contained in Paragraph 38 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

39. The allegations contained in Paragraph 39 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

40. The allegations contained in Paragraph 40 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

41. Defendant denies the allegations contained in Paragraph 41.

## Third Cause of Action
*Negligent Infliction of Emotional Distress*

42. By way of response to the allegations contained in Paragraph 42, Defendant incorporates Paragraphs 1-41 above as if restated full herein.

43. The allegations contained in Paragraph 43 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

44. The allegations contained in Paragraph 44 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

45. The allegations contained in Paragraph 45 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

46. The allegations contained in Paragraph 46 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

47. The allegations contained in Paragraph 47 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

48. Defendant denies the allegations contained in Paragraph 48.

## Fourth Cause of Action
*Sexual Assault*

49. By way of response to the allegations contained in Paragraph 49, Defendant incorporates Paragraphs 1-48 above as if restated full herein.

50. The allegations contained in Paragraph 50 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

51. The allegations contained in Paragraph 51 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

52. The allegations contained in Paragraph 52 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

53. The allegations contained in Paragraph 53 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

54. The allegations contained in Paragraph 54 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

55. Defendant denies the allegations contained in Paragraph 55.

## Fifth Cause of Action

*Harassment*

56.     By way of response to the allegations contained in Paragraph 56, Defendant incorporates Paragraphs 1-48 above as if restated full herein.

57.     The allegations contained in Paragraph 57 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

58.     The allegations contained in Paragraph 58 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

59.     The allegations contained in Paragraph 59 assert legal conclusions to which no admission nor denial is required. To the extent an admission or denial is deemed to be required, those allegations are denied.

60.     Defendant denies the allegations contained in Paragraph 60.

### Prayer for Relief

61.     Defendant denies the allegations contained in the Wherefore Paragraph, including all subparts.

### For a Second Defense

62.     FURTHER ANSWERING, Plaintiffs have failed to state a claim for which relief can be granted, and their lawsuit must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### For a Third Defense

63.     FURTHER ANSWERING, all allegations not specifically admitted or otherwise referenced in this Answer to Amended Complaint are denied.

### For a Fourth Defense

64.     FURTHER ANSWERING, any injury and damage sustained by Plaintiff may have been caused by the negligence or willfulness of Plaintiffs, combining, concurring, and contributing with the negligence or willfulness, if any, by others.  Because Plaintiffs' negligence or willfulness

may be greater than the alleged negligence or willfulness of one or more adverse parties, Plaintiffs may be barred from recovery.

### For a Fifth Defense

65. FURTHER ANSWERING, any injury and damage sustained by Plaintiffs may have been caused by the negligence or willfulness of Plaintiffs, combining, concurring, and contributing with the negligence or willfulness, if any, by others. Therefore, the Court should reduce any recovery awarded to Plaintiffs for the alleged injuries and damage based upon the percentage of negligence or willfulness attributed to Plaintiffs.

### For a Sixth Defense

66. FURTHER ANSWERING, Plaintiffs have failed to mitigate any damages that they allegedly suffered, and her claims are otherwise barred by the doctrines of waiver, estoppel, and unclean hands.

### For a Seventh Defense

67. FURTHER ANSWERING, Defendant has not had an opportunity to conduct a sufficient investigation or engage in adequate discovery about the allegations of this lawsuit. Defendant gives notice of the intent to assert any further affirmative defenses that any investigation supports, including, but not limited to, defenses that the action is barred in whole or in part by any applicable statute, contract, release, covenant, or the doctrine of laches. Thus, Defendant reserves the right to amend this pleading to assert any such defenses.

### For an Eighth Defense

68. FURTHER ANSWERING, any award of punitive damages would violate the constitutional safeguards provided by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and under the Due Process Clause of Article I, Section 3 of the South Carolina Constitution because the determination of punitive damages does not bear any reasonable relationship to the amount of actual damages, if any, suffered by or awarded.

### For a Ninth Defense

69. FURTHER ANSWERING, Plaintiffs have failed as a matter of law to state a claim for which punitive damage relief is available against this Defendant.

### For a Tenth Defense

70. FURTHER ANSWERING, any injury or damage sustained was due to and caused by the negligence, gross negligence, willfulness, wantonness, or carelessness on the part of some third party over whom Defendant had or has no authority or control.

### For an Eleventh Defense

71. FURTHER ANSWERING, the applicable statutes of limitations and repose, including but not limited to S.C. Code Ann. §§ 15-3-530 et seq., 15-3-640, and 36-2-728 et seq. bar the claims.

### For a Twelfth Defense

72. FURTHER ANSWERING, the amount of any and all settlement proceeds obtained from any other party shall constitute a set off against any judgment.

### For a Thirteenth Defense

73. FURTHER ANSWERING, Defendant asserts that the intervening acts of a third party or parties were the sole and proximate cause of injuries to Plaintiffs and the action should be dismissed.

### For a Fourteenth Defense

74. FURTHER ANSWERING, Plaintiffs' claims are barred under the doctrines of waiver, latches, or estoppel.

### For a Fifteenth Defense

75. FURTHER ANSWERING, Defendant reserves the right to raise all statutory defenses available under state and federal law. This shall include any defenses available under the Montreal Convention and/or other treaties or conventions.

### For a Sixteenth Defense

76. FURTHER ANSWERING, the actions taken by Defendant was justifiable, reasonable, done in good faith, and were without improper purpose.

### For a Seventeenth Defense

77. FURTHER ANSWERING, Defendant would submit if Plaintiffs were damaged as alleged in the Amended Complaint, Plaintiffs' recovery is subject to the limits of liability in relation to delay, baggage and cargo pursuant to Article 22 of the Montreal Convention.

### For an Eighteenth Defense

78. FURTHER ANSWERING, Defendant is not liable for the actions of any agent who acted outside the scope of his/her authority.

### For a Nineteenth Defense

79. FURTHER ANSWERING, Defendant denies of any conduct on its part was the proximate cause of the Plaintiffs' claimed injuries and damages, which injuries and damages are specifically denied.

### FOR A Twentieth Defense

80. FURTHER ANSWERING, Defendant would submit that pursuant to South Carolina choice of law rules, New York substantive law applies to Plaintiffs' claims.

### For a Twenty-First Defense

81. FURTHER ANSWERING, the doctrine of unclean hands bars the claim because Plaintiffs had actual knowledge or constructive knowledge of the alleged defects and damages before the purchase of the structures that are the subject of this lawsuit.

### For a Twenty-Second Defense

82. FURTHER ANSWERING, Plaintiffs' claims are preempted, wholly or in part, by Federal law pursuant to the Airline Deregulation Act, and it's associated regulations, the Aviation Act, and it's associated regulations.

### FOR A Twenty-Third Defense

83. FURTHER ANSWERING, Defendant avers, preserves, and does not waive any and all applicable affirmative defenses under Rule 8(c), Fed. R. Civ. P..

### FOR A Twenty-Fourth Defense

84. FURTHER ANSWERING, to the extent not inconsistent herewith, Defendant hereby asserts, and incorporates by reference, each and every defense and affirmative defense pleaded by any additional Defendant.

### FOR A Twenty-Fifth Defense

85. FURTHER ANSWERING Defendant has not had an opportunity to conduct a sufficient investigation or engage in adequate discovery about the allegations of this lawsuit.

Defendant gives notice of the intent to assert any further affirmative defenses that any investigation supports, including, but not limited to, defenses that the action is barred in whole or in part by any applicable statute, contract, release, covenant, or the doctrine of laches. Thus, Defendant reserves the right to amend this pleading to assert any such defenses.

                                              TURNER PADGET GRAHAM & LANEY P.A.

                                              *s/*Richard S. Dukes, Jr.
                                              Richard S. Dukes, Jr.,
                                              40 Calhoun Street, Suite 200 (29401)
                                              P.O. Box 22129
                                              Charleston, South Carolina 29413
                                              Telephone: (843) 576-2810
                                              Facsimile: (843) 577-1646
                                              Email:  rdukes@turnerpadet.com

                                              Ethan Jedziniak
                                              P.O. Box 1509
                                              Greenville, South Carolina29062
                                              Telephone: 864-552-4691
                                              ejedziniak@turnerpadget.com

                                              ATTORNEYS FOR DEFENDANT UNIFI AVIATION, LLC a/k/a UNIFI SERVICE

August 21, 2025